PRECAST TILT-UP CONSTRUCTION, INC., demandante y recurrida, *v.* ADELAIDA GONZÁLEZ MENCHACA, demandada, tercera demandante y recurrente; ALBERTO H. GARCÍA, tercero demandado.

*Número:* 12774    *Resuelto:* 1 de octubre de 1962

*J. Mejías Santana,* abogado de la recurrente; *Canales & Segarra* y *José F. Quetglas Álvarez,* abogados de la recurrida; *Carmelo Ávila Medina,* abogado del tercero demandado.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: La corporación Precast Tilt-Up Construction, Inc., demandó a Adelaida González Menchaca, ante la Sala de San Juan del Tribunal Superior, en cobro de la suma de $3,358.06 que ésta le había quedado a adeudar por la obra de instalación de viguetas en un edificio propiedad de la demandada.

Compareció la demandada al pleito y solicitó y obtuvo que se incluyera en el mismo como tercero demandado a Alberto H. García, persona a cargo de la cual estaban las obras a que se refería la demanda.   Radicó su contestación alegando que nada le adeudaba a la demandante y contrademandó a ésta y demandó al tercero demandado Alberto H. García por la cantidad de $20,000.00 fundada en que ambos, en la ejecución de ciertos trabajos en su propiedad, actuando conjuntamente, realizaron dichos trabajos en "forma defectuosa, no aptas

para el uso convenido y en abierta violación de los planos aprobados y del permiso de construcción expedido a la demandada."

La demandante contestó la contrademanda negando sus alegaciones. El tercero demandado contestó la demanda que se presentó en su contra negando lo expuesto en la misma y contrademandando a la señora González Menchaca por descrédito y daños morales que le había ocasionado "las alegaciones de la demandada." Esa contrademanda fue contestada por ella con una negativa general de sus alegaciones.

Fue el pleito a juicio. Se practicó una extensa prueba testifical y documental por las partes. El 22 de junio de 1956 se dictó sentencia declarando con lugar la demanda y, sin lugar: la demanda de tercero, la contrademanda hecha a la demandante por la señora González Menchaca y la contrademanda de García contra ella. No se concedieron honorarios de abogados.

Por su relativa brevedad transcribimos las conclusiones formuladas por el tribunal de instancia y que son las siguientes:

"CONCLUSIONES DE HECHO.—Que Adelaida González Menchaca y la Pre Cast Tilt-Up Construction Inc., esta última a través de sus directores y/o agentes, suscribieron un contrato con fecha 18 de agosto de 1954 en virtud del cual la Pre Cast Tilt Up Construction Inc. se comprometía a la instalación de ciertas viguetas de los conocidos bajo el nombre de 'Flexicore' que habrían de servir de techo a la segunda planta además de piso y techo de la tercera planta de un edificio en reconstrucción en la calle San Francisco 263 de San Juan, Puerto Rico, propiedad de Adelaida González Menchaca.

"De acuerdo con dicho contrato, la demandada, Adelaida González Menchaca pagaría a la Pre Cast Tilt Up Construction, Inc., el costo de las viguetas, más un cargo adicional del 5% del total gastado semanalmente, más un diez por ciento adicional por concepto de beneficios a computarse, esto último sobre el total de la suma de los gastos.

"En dicho contrato estuvo asesorada Adelaida González Menchaca por su pariente, Lcdo. Luis Trigo; habiendo sido el contrato firmado por un representante de la Pre Cast Tilt Up Construction, Inc., Adelaida González Menchaca y como testigos los Sres. Luis E. Trigo y Alberto García.

"La Pre Cast Tilt Up Construction, Inc., realizó la obra que venía obligada a hacer de acuerdo con los términos del contrato suscrito con la propietaria del edificio. En todas y cada una de las ocasiones en que los representantes de la Pre Cast Tilt Up Construction, Inc., fueron a realizar alguna obra en el edificio de Adelaida González Menchaca, esta última se encontró presente y no así el demandado Alberto García.

"Toda la obra realizada por la Pre Cast Tilt Up Construction, Inc. fue con conocimiento y consentimiento y aprobación de la demandada Adelaida González Menchaca.

"Concluye el Tribunal que a la fecha de la radicación de la demanda, la demandada Adelaida González Menchaca adeudaba y a la fecha de hoy adeuda a la Pre Cast Tilt Up Construction, Inc., la suma de $3,358.06.

"Adelaida González Menchaca realizó un contrato de servicios con el demandado Alberto García, en virtud del cual este último ofreció sus servicios a Adelaida González Menchaca en su carácter de maestro de obras, por cuya labor percibía como percibió un jornal o remuneración de $100.00 semanales. El pago de la póliza de seguro de empleados hecho al Fondo del Seguro del Estado, se realizó mediante cheque expedido directamente al Hon. Secretario de Hacienda, por Adelaida González Menchaca; así mismo todos y cada uno de los pagos hechos por concepto de materiales comprados a distintas empresas comerciales, fueron hechos directamente mediante cheques expedidos por Adelaida González Menchaca. En ningún momento el tercero demandado Alberto García, tuvo que ver en absoluto con el pago de materiales, pago de pólizas ni pago de obreros por su cuenta, ya que de acuerdo con la prueba admitida y creída por el Tribunal, cualquier pago a ser realizado se hacía mediante cheques expedidos directamente por Adelaida González Menchaca.

"Si alguna variación hubo en la obra a que se contrae el presente litigio, con respecto a los planos aprobados por el Negociado de Permisos de Puerto Rico, dicha variación fue realizada por instrucciones y orden dada por Adelaida González Men-

·chaca; no siendo por lo tanto responsables de cualquier variación ·efectuada en la obra, ni la Pre Cast Tilt Up Construction, Inc. .ni Alberto García.

"Concluye así mismo el Tribunal que la obra fue paralizada :por la propia demandada Adelaida González Menchaca en virtud de orden dada al efecto por ésta al Sr. Alberto García y antes ·de que el Negociado de Permisos o la Hon. Junta de Planifica- ·ción de Puerto Rico ordenara dicha paralización. No fue hasta ·después de haber sido demandada y notificada de la demanda, ·que Adelaida González Menchaca acudió a la Hon. Junta de Pla- nificación de Puerto Rico en solicitud de que se inspeccionara la obra para ver si la misma estaba de acuerdo con los planos .aprobados por dicha Junta de Planificación de Puerto Rico.

"CONCLUSIONES DE DERECHO.—Se concluye como cuestión de ·derecho que Adelaida González Menchaca adeuda a la Pre Cast 'Tilt Up Construction, Inc., la suma de $3,358.06 a la fecha de .hoy. Se concluye así mismo que la Pre Cast Tilt Up Construc- ·tion Inc. no es responsable de daño alguno recibido por Ade- laida González Menchaca, y que dicha corporación no ha incu- rrido en negligencia de clase alguna.

"Se concluye así mismo que Alberto García no incurrió en negligencia de clase alguna, por lo tanto no es responsable de ·daño o perjuicio alguno que haya podido recibir la demandada .Adelaida González Menchaca; siendo esta última la única res- ponsable de cualquier variación habida en la reconstrucción de .su edificio.

"No habiendo probado Alberto H. García los hechos alegados en su reconvención, se declara sin lugar la misma. Se dictará :sentencia de acuerdo con las conclusiones de hecho y de derecho .antes expuestas."

Del fallo únicamente apeló la demandada. Hace un se- ·ñalamiento que titula "Error Unico General" que dice así:

"ERROR UNICO GENERAL.—El Tribunal a quo cometió error .al determinar como cuestión de hecho—por existir en el récord ·evidencia en contrario que no tomó en consideración—en per- juicio de las garantías contenidas en las Enmiendas V y XIV ·de la Constitución de Estados Unidos y la Sec. 7a. de la del Estado Libre Asociado de Puerto Rico— y DE DERECHO, movido

por la pasión y el prejuicio, manifestados por una abierta hostilidad contra la recurrente, en perjuicio del debido proceso de ley a que se refieren los anteriores textos constitucionales, que la Pre Cast Tilt Up Construction Inc. y Alberto H. García no fueron negligentes en el cumplimiento de sus obligaciones, mas sí la recurrente, ya que las variaciones introducidas al Plano de la obra autorizado por la Oficina de Planificación se debieron al consentimiento y autorización de la misma recurrente, no obstante la existencia de evidencia *irrebatible* en sentido contrario y no obstante que las leyes de Planificación son de *orden público*—o política pública—y no pueden ser alteradas por particulares y van dirigidas NO SOLAMENTE CONTRA EL DUEÑO SINO CONTRA TODO EL MUNDO, incluyendo ingenieros, maestros de obras o simples obreros." (Énfasis en el original.)

La falta de señalar testimonios específicos o prueba documental determinada que sostuvieron esos señalamientos generales, nos obligó a escudriñar la bastante extensa transcripción de evidencia elevada con el recurso.

En ciertos aspectos la prueba de ambas partes parece estar en conflicto. Pero, con suficiente base en esa prueba, el juez sentenciador resolvió el posible conflicto en favor de la demandante y el tercero demandado. Suficiente apoyo encuentran en esa evidencia todas las conclusiones formuladas y que anteceden. Las manifestaciones, expresiones y gestos del juez aludidos en el alegato no indican, o de los mismos no se puede inferir, la existencia en su ánimo y conciencia judicial de pasión, prejuicio y parcialidad. Cada magistrado tiene su forma peculiar de expresarse. Creemos difícil que se pueda crear una norma o patrón de expresión uniforme que satisfaga todos los criterios.

*El error no fue cometido por lo que se confirmará la sentencia apelada.*